UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACI STERK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00011 |
| | ) |
| HASSEL FAMILY CHIROPRACTIC | ) |
| D.C. P.C. EMPLOYER STOCK | ) |
| OWNERSHIP PLAN, HASSEL FAMILY | ) |
| CHIROPRACTIC D.C. P.C., and | ) |
| VINCE HASSEL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Now comes the Plaintiff, JACI STERK ("Plaintiff"), by her attorneys, MARIE E. CASCIARI, FABIAN LIMON, and DEBOFSKY SHERMAN CASCIARI REYNOLDS P.C., and complaining against the defendants, HASSEL FAMILY CHIROPRACTIC D.C. P.C. EMPLOYER STOCK OWNERSHIP PLAN ("Hassel Family Chiropractic ESOP"), HASSEL FAMILY CHIROPRACTIC D.C. P.C. ("Hassel Family Chiropractic"), and VINCE HASSEL ("Hassel") (collectively "Defendants"), states as follows:

## NATURE OF ACTION

1. This case seeks the recovery of vested retirement benefits due under a group employee stock ownership plan ("ESOP") pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132(a)(1)(B)).  In the alternative, and to the extent an adequate remedy is not otherwise available, this case seeks equitable relief for breaches of fiduciary pursuant to ERISA §§ 502(a)(2) and (a)(3) (29 U.S.C. §1132(a)(2) and (a)(3)).  Plaintiff also seeks recovery of her attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

## JURISDICTION

2. The District Court has jurisdiction based on ERISA §§ 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)), which provides jurisdiction over claims for benefits and equitable relief under employee benefit plans.

3. The District Court also has jurisdiction pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

4. ERISA § 503 (29 U.S.C. § 1133) provides a mechanism for internal appeals of adverse benefit determinations.  Those avenues of appeal are deemed exhausted, to the extent applicable here, pursuant to 29 C.F.R. § 2560.503-1(l)(1).

## VENUE

5. Venue is proper in the Southern District of Iowa pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because this District is where the Hassel Family Chiropractic ESOP is administered, where the breach took place, and where all Parties reside.

6. Venue is also proper in the Southern District of Iowa pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

7. Plaintiff is a resident of Johnston, Iowa, located in Polk County. Incident to Plaintiff's employment with Hassel Family Chiropractic, she was, at all relevant times, a "participant" in the Hassel Family Chiropractic ESOP as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

8. The Hassel Family Chiropractic ESOP, EIN 42-1469047, Plan Number 001, purports to be an "employee benefit plan" as defined by ERISA § 3(3) (29 U.S.C. § 1002(3)(3)) and "employee pension benefit plan" as defined by ERISA § 3(2)(A) (29 U.S.C. § 1002(2)(A)). Attached hereto, and by that reference incorporated herein, are true and correct copies of the Hassel Family Chiropractic ESOP Plan as "Exhibit A" and summary plan description ("SPD") as "Exhibit B."

9. Hassel Family Chiropractic is based in Clive, Iowa, located in Polk County. Hassel Family Chiropractic is named in the ESOP Plan and SPD as the Hassel Family Chiropractic ESOP "plan sponsor" as defined by ERISA § 3(16)(B) (29 U.S.C. § 1002(16)(B)) and "administrator" as defined by ERISA § 3(16)(A) (29 U.S.C. § 1002(16)(A)).

10. Hassel is the founder of Hassel Family Chiropractic and serves as the trustee of the Hassel Family Chiropractic ESOP.

11. Hassel Family Chiropractic and Hassel are "fiduciaries" with respect to the Hassel Family Chiropractic ESOP as defined by ERISA § 3(21)(A) (29 U.S.C. § 1002(21)(A)).

## COUNT I – CLAIM FOR BENEFITS
## 29 U.S.C. § 1132(a)(1)(B)

## STATEMENT OF FACTS

12. In 1997, Hassel Family Chiropractic hired Plaintiff as a Chiropractor's Assistant in 1997. Plaintiff remained a loyal employee of Hassel Family Chiropractic for over 20 years.

13. Hassel Family Chiropractic established the Hassel Family Chiropractic ESOP effective January 1, 1999.

14. As a benefit of Plaintiff's employment with Hassel Family Chiropractic, she became a participant in the Hassel Family Chiropractic ESOP as of January 1, 1999.

15. The Hassel Family Chiropractic ESOP was established "in recognition of the contribution made to its successful operation by its employees and for the exclusive benefit of its eligible employees." Ex. A, at 1.

16. The Hassel Family Chiropractic ESOP had only three participants, including Plaintiff and Hassel.

17. Plaintiff became fully vested in the Hassel Family Chiropractic ESOP as of January 1, 2002 pursuant to the plan's three-year vesting schedule. Ex. A, at 29.

18. As of December 31, 2002, the Hassel Family Chiropractic ESOP documented total plan assets of $605,667.00, of which Plaintiff's vested balance was reported to Plaintiff as $175,170.35.

19. One year later, as of December 31, 2003, the Hassel Family Chiropractic ESOP documented total plan assets of $812,846.00, of which Plaintiff's reported vested balance was $239,338.80.

20. Hassel Family Chiropractic and Hassel stopped filing required annual reports for the Hassel Family Chiropractic ESOP after the plan year ending on December 31, 2003. The reports Hassel Family Chiropractic ceased filing despite a legal obligation to make such filings

included the Summary Annual Reports and Form 5500 Annual Returns/Reports of Employee Benefit Plans, which must be filed under both ERISA and the Internal Revenue Code.

21.     While employed by Hassel Family Chiropractic, after 2003, Plaintiff was not provided with her annual vested ESOP Plan balances and other plan documentation as required by the Hassel Family Chiropractic ESOP and ERISA.

22.     Nevertheless, Plaintiff made an inquiry about her vested balance in the Hassel Family Chiropractic ESOP as part of the proceedings relating to her divorce in approximately 2015.  At that time, Plaintiff was informed the Hassel Family Chiropractic ESOP was still active, and she had a vested balance of $90,856.00 as of December 31, 2015.  Attached hereto, and by that reference incorporated herein, is a true and correct copy of that email as "Exhibit C."

23.     A few years later, in May 2018, Plaintiff voluntarily ceased her employment with Hassel Family Chiropractic.

24.     Upon her departure from Hassel Family Chiropractic, Plaintiff was not provided with a vested balance notice as required by the Hassel Family Chiropractic ESOP.  Ex. B.

25.     Most recently, on July 9, 2020, Plaintiff, through the undersigned counsel, submitted a written notice of claim for her vested benefits under the Hassel Family Chiropractic ESOP in accordance with the plan's terms and conditions.  Ex. A, at 14.

26.     Plaintiff's claim was delivered to Hassel Family Chiropractic and Hassel on July 12, 2020, thereby rendering a response due by October 12, 2020 (within 90-days of receipt of the claim).  *Id.*

27.     Plaintiff still has not received a determination on her claim for benefits under the Hassel Family Chiropractic ESOP, and her claim is thereby deemed to have been denied.

28. Plaintiff has also been denied meaningful access to the internal claims procedures in a way that would yield a decision on the merits of her claim as required by the Hassel Family Chiropractic ESOP, ERISA § 503 (29 U.S.C. § 1133)), and the benefit claims regulations promulgated by the United States Department of Labor at 29 C.F.R. § 2560.5023-1. Any further attempts to pursue internal appeal procedures would thus be futile.

29. As a result, all required pre-litigation appeals seeking Plaintiff's vested benefits under the Hassel Family Chiropractic ESOP are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(l)(1). Therefore, this matter is ripe for judicial review.

30. As a participant in the Hassel Family Chiropractic ESOP, Plaintiff is entitled to her vested retirement benefits under the plan pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)).

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendants, and that the Court order the payment of the full value of all vested retirement benefits to which Plaintiff is entitled under the Hassel Family Chiropractic ESOP pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B));

B. That the Court award Plaintiff attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

C. That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which she may be entitled.

## COUNT II – CLAIM FOR BREACH OF FIDUCIARY DUTY
### 29 U.S.C. §§ 1132(a)(2) & (a)(3)

31.  In regard to Count II of her Complaint, Plaintiff reasserts and incorporates by reference the preceding paragraphs as though fully set forth herein.  Plaintiff further alleges as follows:

**STATEMENT OF FACTS**

32.  Amongst other things, ERISA requires that every "employee benefit plan shall be established and maintained pursuant to a written instrument.  Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan."  ERISA § 402(a)(1) (29 U.S.C. § 1102(a)(1)).

33.  As ERISA fiduciaries, Hassel Family Chiropractic and Hassel at all times relevant hereto had a duty of loyalty to Plaintiff, which required that they discharge their duties "solely in the interests of the participants and beneficiaries" for the "exclusive purpose of: providing benefits to participants and their beneficiaries."  ERISA § 404(a)(1)(A)(i) (29 U.S.C. § 1104(a)(1)(A)(i)).

34.  As ERISA fiduciaries, Hassel Family Chiropractic and Hassel were also obligated at all times relevant hereto to administer the Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use;" and "in accordance with the documents and instruments governing the plan." ERISA §§ 404(a)(1)(B) & (D) (29 U.S.C. §§ 1104(a)(1)(B) & (D)).

35.  The Hassel Family Chiropractic ESOP likewise provides that "[t]he primary responsibility of the Administrator is to administer the Plan for the exclusive benefit of the Participants and their Beneficiaries, subject to the specific terms of the Plan."  Ex. A, at 12.

36.  The Hassel Family Chiropractic ESOP further provides that "[i]t is intended under the Plan that each named Fiduciary shall be responsible for the proper exercise of its own powers, duties, responsibilities and obligations under the Plan as specified or allocated herein" and "in

accordance with the provisions of the Plan, authorizing or providing for such direction, information or action." Ex. A, at 53.

37. Despite the rigorous reporting requirements and heightened fiduciary duties prescribed by ERISA and contained in the Hassel Family Chiropractic ESOP, Hassel Family Chiropractic and Hassel stopped filing the requisite paperwork for the plan after the plan year ending on December 31, 2003.

38. In addition, while employed by Hassel Family Chiropractic, Plaintiff was never provided with annual reports and balance statements for the Hassel Family Chiropractic ESOP. Plaintiff also was not provided with a notice of vested balance upon the termination of her employment with Hassel Family Chiropractic; or any explanation as to how her vested balance had dropped from $239,338.80 to just $90,856.00 when it was last reported to her as of December 31, 2015.

39. Accordingly, in the event the Hassel Family Chiropractic ESOP is deemed to have never been properly established under ERISA, Hassel Family Chiropractic and Hassel either intentionally misled Plaintiff by promising her fraudulent retirement benefits or mismanaged the Hassel Family Chiropractic ESOP to such an extent that Plaintiff's vested balance diminished by approximately sixty percent.

40. In doing so, Hassel Family Chiropractic and Hassel violated the fiduciary obligations under ERISA imposed upon the administrator and trustee of an ERISA-governed employee benefit plan.

41. Plaintiff relied on the retirement benefits promised to her by Hassel Family Chiropractic and Hassel under the Hassel Family Chiropractic ESOP by forgoing the

procurement of other retirement savings options and using the vested balance calculations provided in 2015 in finalizing her divorce proceedings.

42. Plaintiff's vested retirement benefits comprise a significant portion of her earned compensation after over 20 years of loyal service to Hassel Family Chiropractic, and she has been harmed financially by her current inability to access the vested benefits to which she is entitled under the Hassel Family Chiropractic ESOP.

43. The payment of Plaintiff's vested retirement benefits is necessary to ensure that Hassel and Hassel Family Chiropractic are not unjustly enriched by their retention of benefits owed to Plaintiff and which they were required to hold for the exclusive purpose of providing benefits to plan participants.

44. Unjust enrichment of Hassel and Hassel Family Chiropractic would also violate ERISA, which requires that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries" (ERISA § 403(c)(1) (29 U.S.C. § 1103(c)(1)); and prohibits a plan fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account." ERISA § 406(b)(1) (29 U.S.C. § 1106(b)(1)).

45. Hassel and Hassel Family Chiropractic's breaches of fiduciary duty as described herein require an accounting of the disposition of the Hassel Family Chiropractic ESOP assets during the years no reporting was made and a payment to Plaintiff in the amount of her true vested balance; or, in the alternative, that Plaintiff receive restitution in the form of a surcharge remedy pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) for the monies that are rightfully owed to her under the Hassel Family Chiropractic ESOP even if such monies were

transferred to Hassel or other third parties; or such other equitable remedies as the Court deems appropriate and just.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A.    That the Court enter judgment in Plaintiff's favor and against Defendants, and that the Court award Plaintiff the appropriate equitable relief to which she is entitled by ordering Defendants to pay her the full value of her vested ESOP benefits and/or the amount by which either Hassel or Hassel Family Chiropractic has been unjustly enriched at Plaintiff's expense pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3));

B.    That the Court award Plaintiff the appropriate relief to which she is entitled under ERISA § 409(a) (29 U.S.C. § 1109(a)) due to Defendants' breach of their fiduciary duties pursuant to ERISA § 502(a)(2) (29 U.S.C. § 1132(a)(2));

C.    That the Court award Plaintiff attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

D.    That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which she may be entitled.

Dated: January 15, 2021

Respectfully submitted,

*/s/ Timothy N. Tripp*

_____
Timothy N. Tripp
One of the Attorneys for Plaintiff
Jaci Sterk

Timothy N. Tripp (local counsel)
Tripp, P.C.
810 Washington Street
Pella, Iowa 50219
Voice: (641) 628-9343
Fax: (641) 628-7252
Email: ttripp@tripplaw.us

Marie E. Casciari (seeking *pro hac vice* admission)
Fabian Limon (seeking *pro hac vice* admission)
DeBofsky Sherman Casciari Reynolds P.C.
150 North Wacker Drive, Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mcasciari@debofsky.com
Email: flimon@debofsky.com